# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 │ New York, NY 10006

Office. 646.964.1178

Fax. 212.208.2914

Megan@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

May 15, 2026

VIA ECF

The Honorable Judge Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 1305
New York, New York 10007

**Re: Johns v. Bloomberg L.P., et al.**
**Civil Action No. 1:25-cv-05511-PAE**

Dear Judge Paul A. Engelmayer:

This firm represented Plaintiff Raymond Johns ("Plaintiff") in the above-referenced matter against Defendants Bloomberg, L.P. ("Bloomberg"), Greg Wilbur ("Wilbur"), and Nitesh Jain ("Jain") (collectively as "Defendants"). Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Your Honor's Individual Rules and Practices in Civil Cases, Plaintiff respectfully requests a three-month stay of all discovery pending further order of the Court.

Counsel for the parties met and conferred by telephone on April 29, 2026. Defendants do not join, but do not oppose the request for a three-month stay.

## PROCEDURAL HISTORY

Plaintiff filed a Charge of Discrimination with the EEOC (Charge No. 520-2024-05643) on or about May 2024, and received a Notice of Right to Sue on March 26, 2025. Plaintiff commenced this action in New York Supreme Court on June 16, 2025. Defendants removed the case to this Court on or about July 3, 2025. Plaintiff filed the Complaint on July 28, 2025, and Defendants filed their Answer on August 18, 2025. The parties participated in mediation on October 28, 2025, which did not result in a resolution. Following the Initial Pretrial Conference, the Court entered a Civil Case Management Plan and Scheduling Order. In March 3, 2026, the Court entered an Amended Case Management Plan setting a fact discovery deadline of June 19, 2026.

A.  Plaintiff's position

Good cause exists to stay all discovery at this time. Plaintiff currently resides in the Netherlands, where they[1] have been enrolled in a doctoral program at Maastricht University since February 2025. This, combined with Plaintiff's ongoing and mental health conditions, render participation in active litigation proceedings an undue hardship at this time. Plaintiff's current financial circumstances separately preclude them from bearing the costs associated with traveling to the United States for in-person deposition or other proceedings, while their current mental state renders both solving said financial circumstances and meaningfully participating in the discovery process inordinately difficult. These combined factors collectively make proceeding with discovery at this juncture impracticable and unduly burdensome to Plaintiff, and constitute good cause for a temporary stay under Rule 26(c).

No party will be prejudiced by a stay. Defendants have affirmatively represented that they do not oppose the requested relief, \ but reserve the right to oppose any similar future requests. No trial date has been set, no dispositive motions are pending, and the parties have not yet completed depositions or other significant discovery. A temporary stay will preserve resources on both sides while the parties assess a practicable path forward and can be lifted upon further order of the Court or by stipulation at such time as Plaintiff's circumstances permit. The Plaintiff thus respectfully requests a stay of three months, after which time the parties may reassess the situation.

B. Defendants' position

Based on the representation by Plaintiff's counsel during a meet-and-confer teleconference on April 29, 2026 that Plaintiff's mental health does not currently allow them to properly participate in this litigation, Defendants do not object to a limited three-month stay.

To the extent the request for the stay is based on financial considerations or Plaintiff's current residence in the Netherlands, Defendants do not believe those are appropriate independent reasons for a stay.

We thank the Court for its consideration.

Respectfully submitted,

GODDARD LAW PLLC

*/s/ Megan Goddard*
By: Megan S. Goddard, Esq.

Cc: all counsel via ECF

---

[1] Raymond Johns uses they/them pronouns.

2

GRANTED.

The Court hereby stays discovery for three months, such that fact discovery shall be complete by September 19, 2026.  In light of this extension, the Court hereby adjourns the July 22, 2026 telephonic case management conference to October 14, 2026 at 10 a.m.

SO ORDERED.

Date: May 18, 2026
    New York, New York

PAUL A. ENGELMAYER
United States District Judge