EPSTEIN
BECKER
GREEN

Attorneys at Law

David W. Garland
t 212.351.4708
f 212.878.8600
DGarland@ebglaw.com

August 24, 2026

**Via ECF**
Hon. Paul A. Engelmayer, USDJ
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1305
New York, New York 10007

**Re:** ***Raymond Johns v. Bloomberg L.P., et al.***
**Civil Action No. 1:25-cv-05511**

Dear Judge Engelmayer:

This firm represents Defendants Bloomberg L.P. ("Bloomberg"), Greg Wilbur, and Nitesh Jain ("Defendants") in the above-captioned matter. On August 13, 2026, the parties met and conferred by telephone regarding the discovery issues described below but were unable to resolve them. We submit this letter in accordance with Local Civil Rule 37.2 and Rule 2.E of Your Honor's Individual Rules and Practices in Civil Cases.

## I. Context for the Dispute

We set forth below in Section II the details of Plaintiff Raymond Johns' ("Johns") outstanding discovery and failure to provide a date for their deposition. As an initial matter, however, we explain the larger reason for the dispute. As we understand it, Plaintiff's counsel does not dispute Defendants' entitlement to the discovery and Plaintiff's deposition; rather, counsel has stated her belief that Plaintiff's mental health continues to preclude Plaintiff from providing the requested discovery, sitting for a deposition, or otherwise participating in this litigation. We understand that Plaintiff's counsel plans to seek a further stay.

Sensitive to counsel's concerns, Defendants previously consented to a three-month stay. At this point, however, further delay will prejudice Defendants. Plaintiff's Complaint alleges events that occurred up to five years ago. The longer the delay, the more likely witness memories are to fade. Additionally, Bloomberg continues to absorb the considerable cost of hosting Electronically Stored Information.

Finally, while Defendants understand and sympathize with counsel's concerns regarding Plaintiff, we have been provided no evidence of Plaintiff's current mental health status. To the contrary, Plaintiff's medical records are a large part of the outstanding discovery.

Defendants seek an Order requiring Plaintiff to provide the outstanding documents and information, and a date for Plaintiff's in-person deposition. Should the Court entertain a continued stay, we submit it should first require Plaintiff to provide evidence from a medical provider establishing that Plaintiff's mental health precludes them from participating in this litigation, and an estimated timeframe if and when they will be able to do so, or alternatively, order Plaintiff to submit to an independent mental examination under Fed. R. Civ. P. 35.

## II. Outstanding Discovery

### A. Plaintiff's Deposition

Because Plaintiff's counsel had not contacted us since the May 18, 2026 Order granting a three-month stay, as well as the upcoming September 19, 2026 discovery deadline, on July 30, 2026, we e-mailed Plaintiff's counsel to propose two deposition dates and to follow up on outstanding discovery issues. On August 5, 2026, Plaintiff's counsel responded that she had reached out to Plaintiff for their availability for a deposition but had not heard back, expressed her concern that Plaintiff is "still not in a place where they are capable of pursuing this case," and asked for Defendants' position on a possible continuation of the stay. While Defendants empathized with Plaintiff, we advised that they could not agree to a further stay.

During the meet-and-confer on August 13, Plaintiff's counsel described Plaintiff's recent lack of communication, repeated her concern regarding the status of Plaintiff's mental health, and asked whether Defendants would agree to a continued stay. We reiterated, while empathetic, that Defendants could not agree to a further stay because of the prejudice caused by additional delay. Counsel for both parties agreed that the next step was to seek the Court's intervention.

### B. Outstanding Discovery

Apart from the deposition issue, Plaintiff owes the following documents and information:

1. Executed HIPAA authorizations and other information necessary to obtain Plaintiff's medical records (Request Nos. 114, 116, 117 and Interrogatory No. 17)[1]: Plaintiff has not provided executed HIPAA authorizations for eight of sixteen medical providers, and the contact information for several others is missing or inaccurate. Plaintiff also has not provided an executed HIPAA authorization for records related to their long term disability application. Plaintiff seeks emotional distress damages and has specifically pleaded alleged mental health conditions during and after their employment. (*See e.g.* Complaint ¶¶ 167, 174, 177, 184, 188). Thus, Defendants are entitled to discover Plaintiff's mental health treatment records. *Steinberg v. Constellation Agency, LLC*, 24 Civ. 8113 (PAE), 2025 WL 1802981 (S.D.N.Y. July 1, 2025).

[1] Citations to a "Request" refers to Defendants' First Request for Production of Documents, and citations to an "Interrogatory" refers to Defendants' First Set of Interrogatories.

Also, Plaintiff identified two medical providers in the Netherlands. Because those records are difficult for Defendants to obtain, Defendants asked Plaintiff to do so, but Plaintiff has not.

2. Documents related to job search efforts, earnings or monetary assistance, and PhD application materials (Request Nos. 9, 10 and 12): Plaintiff has been enrolled in a PhD program at Maastricht University in the Netherlands since January 2025, including during a four-month period on disability leave from Bloomberg, and has been receiving a stipend. Plaintiff has not produced complete application materials or records of job search efforts, monetary assistance, or income. These records are relevant to mitigation, as well as to Plaintiff's claim that they were disabled from working at Bloomberg from at least January to April 2025.

3. Documents related to residency from August 1, 2023 to the present (Request Nos. 13 and 14): Plaintiff's residence during this period is material because courts have held that a plaintiff who neither lives nor works in New York cannot invoke the protections of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") where the alleged discrimination has no impact on New York. *See, e.g., Ong v. Deloitte Consulting, LLP*, No. 21-CV-2644 (MKV), 2025 WL 886947, at *16 (S.D.N.Y. Mar. 21, 2025). Plaintiff has failed to produce responsive documents.

4. Confirmation that Plaintiff has searched additional e-mail accounts for responsive documents: Plaintiff's medical records show that they used certain e-mail addresses to communicate with their medical providers, but Plaintiff has produced no communications from those accounts.

In view of the foregoing, Defendants seek an Order requiring Plaintiff to: (a) appear for an in-person deposition in New York City by no later than September 15, 2026 (given the September 19, 2026 discovery end date), or some later date if the Court were to grant a short extension of discovery; and (b) produce the outstanding HIPAA authorizations, documents, and information by no later than August 31, 2026, so that Defendants have sufficient time to prepare for Plaintiff's deposition.

We thank Your Honor for your attention to this matter and consideration of this request.

Respectfully Submitted,

*David W. Garland*

DAVID W. GARLAND

DWG:JB
cc: Clela A. Errington, Esq.
Jennifer Barna, Esq. (via ECF)
Megan Goddard, Esq. (via ECF)

Consistent with the Court's individual rules governing discovery disputes, plaintiff's response to this letter is due by Thursday, August 27, 2026.

SO ORDERED.

Paul A. Engelmayer

Date: August 26, 2026
New York, New York

PAUL A. ENGELMAYER
United States District Judge