UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND JOHNS, Plaintiff, -v- BLOOMBERG L.P. *et al.*, Defendant. | 25 Civ. 5511 (PAE) <br> <u>ORDER</u> |

PAUL A. ENGELMAYER, United States District Judge:

This order resolves a discovery dispute. Defendants Bloomberg L.P., Greg Wilbur, and Nitesh Jain move to compel plaintiff Raymond Johns to appear for a deposition in New York, to execute outstanding HIPAA authorizations, and to produce requested records in advance of the close of fact discovery, which was extended, with all parties' consent, until September 19, 2026. Dkt. 24. Plaintiff opposes, seeking a further, two-month extension of the discovery stay, citing ongoing mental health and financial difficulties that allegedly impede them from meaningfully participating in the litigation. *See* Dkt. 26. Anticipating this request, defendants contend that, before any extension of the discovery stay, the Court should require the plaintiff to produce medical documentation substantiating their claim of an inability to participate in the litigation and projecting when they are apt to be able to do so. Dkt. 24 at 2.

The Court is solicitous both of the burdens that aspects of the litigation may present for plaintiff's mental health issues and of the risk that a continued lack of forward progress may present for defendants, particularly insofar as this litigation arises from actions that occurred up to five years ago. *See id*. at 1; Dkt. 26 at 1. The Court's resolution below, which entails a partial stay of discovery, attempts to balance these considerations. *See Guiffre v. Maxwell*, No. 15 Civ.

7433, 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016) (considering such factors on a motion to stay discovery); *Choudhury v. NYC Health & Hosps. Corp.*, No. 25 Civ. 5240 (PAE), 2025 WL 2977837, at *1 (S.D.N.Y. Oct. 22, 2025) (same); *Al Thani v. Hanke*, No. 20 Civ. 4765, 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (same).

The Court addresses each category of requested discovery separately.

***HIPAA Authorizations*:** As to the production of HIPAA authorizations, the Court declines to extend the **September 19, 2026** discovery deadline. Plaintiff is **forthwith** to (1) execute the eight outstanding HIPAA authorizations; (2) ensure complete and accurate contact information is provided for all 16 medical providers; and (3) provide an executed HIPAA authorization for records related to their long-term disability application.

***Requested Records in Plaintiff's Custody*:** As to the production of various documents currently in plaintiff's custody, the Court extends the deadline for production of such records, but by only two weeks, to **October 5, 2026**. The Court is unpersuaded that further delay in the production of these items is justified. Plaintiff initiated this litigation; plaintiff should have been prepared promptly thereafter to produce outgoing discovery; plaintiff purports to be still enrolled as a graduate student abroad; plaintiff's applications for delay on the grounds of a compromised mental condition fairly entitle the defense to test the bona fides of plaintiff's claims that their condition inhibits their ability to effectively participate in the litigation; and counsel at plaintiff's law firm counsel are available to assist plaintiff in the review and production process. Plaintiff is therefore to produce, by **October 5, 2026**, all (1) educational program application materials; (2) records of job search efforts; (3) records of monetary assistance; (4) documentation of income; (5) documents related to plaintiff's residency from August 1, 2023 onward; (6) medical records

from the two providers located in the Netherlands; and (7) confirmation that plaintiff – and plaintiff's counsel – have searched additional e-mail accounts for responsive documents.

***Plaintiff's Deposition*:** With respect to participation in an in-person deposition, the Court extends the deadline for plaintiff's deposition by two months. The Court orders plaintiff to sit for a deposition, in person in New York, by **November 19, 2026**.

The Court admonishes plaintiff in strong terms that defendants' request for transparency about their medical condition is reasonable. Defendants and the Court have been solicitous of plaintiff's asserted mental condition. The Court shares counsels' hope that a stay, particularly of plaintiff's deposition, will enable their mental state to stabilize. But defendants and the Court should not be obliged to take plaintiff's word on that point. To enable a neutral assessment of any future claims along these lines, plaintiff must produce the medical and related documentation, fairly sought by the defense, bearing on plaintiff's condition and its capacity to improve. *See* Dkt. 24 at 1.

For avoidance of doubt, the parties should not expect the deadlines above to be further extended, and, unless and until the Court has granted an extension application, the parties should treat the existing deadlines as remaining in effect. In the event of a future application to extend a deadline, the Court will expect counsel to justify the proposed extension with specificity and appropriate documentation.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: August 31, 2026
New York, New York