# GODDARD LAW PLLC

39 Broadway, Suite 1540 | New York, NY 10006

Office. 646.504.8363

Fax. 212.208.2914

Megan@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM


September 17, 2026

VIA ECF
The Honorable Judge Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 1305
New York, New York 10007

**Re: Johns v. Bloomberg L.P., et al.**
**Civil Action No. 1:25-cv-05511-PAE**

Dear Judge Engelmayer:

This firm represents Plaintiff Raymond Johns ("Plaintiff") in the above-referenced matter. Pursuant to Section 1.E of Your Honor's Individual Rules and Practices in Civil Cases, Plaintiff respectfully and urgently requests that the Court continue the stay of discovery as to the client-dependent discovery obligations addressed in the Court's August 31, 2026 Order (Dkt. 27), or, in the alternative, extend the current deadlines for those obligations set forth in that Order.

This request is made before expiration of the current deadlines and is not made for purposes of delay. Counsel cannot comply with the Court-ordered client-dependent obligations without Plaintiff's communication, approval, signatures, and information. At present, Plaintiff is not communicating with counsel despite repeated efforts to reach them. As a result, counsel cannot obtain Plaintiff's signature on the outstanding HIPAA authorizations, confirm or correct medical-provider contact information, obtain authorization for long-term disability records, confirm whether Plaintiff possesses responsive records, or obtain Plaintiff's instructions regarding the production of other client-dependent materials.

**Extension history.** This is Plaintiff's third request concerning the discovery schedule. Plaintiff first requested a three-month stay of all discovery on May 15, 2026, which the Court granted through September 19, 2026. (Dkt. 23) Following a discovery dispute raised by Defendants on August 24, 2026, and endorsed for response on August 26, 2026 (Dkt. 24-25), Plaintiff requested a further two-month continuation of the stay on August 27, 2026 (Dkt. 26), which the Court granted only in part: the Court declined to extend the deadline for execution of HIPAA authorizations, extended the deadline for production of other client-dependent records by two weeks to October 5, 2026, and extended the deadline for Plaintiff's deposition by two months to November 19, 2026. (Dkt. 27) The original due date for the client-dependent document production addressed in this letter is therefore October 5, 2026; Plaintiff requests that this deadline be extended to November 18, 2026, for the reasons below.

Plaintiff respectfully requests that the stay continue because the same underlying barrier that warranted the prior stay remains unresolved: Plaintiff's mental-health and functional circumstances continue to prevent meaningful participation in discovery. Counsel does not make this request lightly. Counsel recognizes the Court's admonition in the August 31, 2026 Order that future extension requests must be supported with specificity and appropriate documentation. (Dkt. 27) To provide that specificity, Plaintiff is filing contemporaneously by separate letter motion seeking leave to file under seal, a supplemental declaration and medical exhibits summarizing existing medical documentation that corroborates Plaintiff's history of serious mental-health and functional impairments, including panic attacks, trauma-related symptoms, executive dysfunction, fatigue, difficulty sustaining work, and prior need for intensive treatment. The sealed declaration also describes counsel's recent efforts to contact Plaintiff and counsel's present inability to obtain Plaintiff's communication, signatures, authorizations, records, or updated provider documentation.

As the Court is aware, Plaintiff previously requested a stay of discovery because Plaintiff's circumstances made active discovery participation impracticable. Plaintiff advised the Court that Plaintiff resides in the Netherlands, is enrolled in a doctoral program at Maastricht University, and that Plaintiff's ongoing mental-health conditions, financial circumstances, and current mental state rendered participation in active litigation proceedings an undue hardship. Dkt. 23 at 2. Plaintiff further explained that Plaintiff's financial circumstances impeded travel to the United States for an in-person deposition or other proceedings, while Plaintiff's mental state made both addressing those financial circumstances and meaningfully participating in discovery inordinately difficult. Id. Defendants did not oppose that prior limited three-month stay based on counsel's representation during the parties' April 29, 2026 meet-and-confer that Plaintiff's mental health did not then allow Plaintiff to properly participate in the litigation. Dkt. 24 at 2. The Court granted that stay. Dkt. 23 at 3.

Plaintiff's counsel later advised the Court, in response to Defendants' August 24, 2026 discovery letter (Dkt. 24), that the dispute arose from Plaintiff's current inability to meaningfully participate in active litigation, not from any refusal by counsel to engage in discovery. Dkt. 26 at 1. Counsel explained that Plaintiff's mental health continued to prevent Plaintiff from providing requested discovery, sitting for a deposition, or otherwise participating meaningfully in the litigation. Id. Counsel further advised that counsel had made repeated attempts to communicate with Plaintiff but had received no response, and that counsel did not know when Plaintiff would be able or willing to respond. Id. Counsel explained that without Plaintiff's participation, counsel could not reliably provide deposition availability, obtain updated factual information, secure new authorizations, or complete other client-dependent discovery requested by Defendants. *Id.*

Those same circumstances remain. Since the Court's August 31 Order, counsel has continued attempting to reach Plaintiff to obtain the information, authorizations, approvals, and documents necessary to comply. Plaintiff is not presently communicating with counsel. Counsel therefore cannot comply with the October 5 discovery deadline in any meaningful way without Plaintiff's participation.

The existing medical documentation being filed under seal is submitted as corroborating background regarding the nature and history of Plaintiff's condition. The sealed materials provide the Court with the most specific documentation presently available to counsel while protecting

Plaintiff's sensitive mental-health information from public disclosure, consistent with Section 4.B of the Court's Individual Rules.

Plaintiff respectfully submits that a temporary continuation of the stay is the most practical and least prejudicial course under these circumstances. Compelling immediate compliance with client-dependent obligations will not resolve the present barrier because counsel cannot manufacture Plaintiff's signature, authorization, testimony, or personal records in Plaintiff's absence. By contrast, a limited stay will preserve the status quo, allow counsel to continue diligent efforts to reach Plaintiff, and permit counsel to update the Court promptly regarding whether Plaintiff can resume meaningful participation.

Accordingly, Plaintiff respectfully requests that the Court continue the stay of the client-dependent discovery obligations imposed by the August 31, 2026 Order for sixty (60) days, until November 18, 2026. In the alternative, Plaintiff requests an extension of the October 5, 2026 deadline to November 18, 2026 for the execution of HIPAA authorizations, confirmation of medical-provider information, authorization for long-term disability records, and any related client-dependent materials.

During the requested stay or extension, counsel will continue diligent efforts to contact Plaintiff through all available contact methods and will provide a status update to the Court before the expiration of the requested stay or extension. If counsel remains unable to obtain Plaintiff's participation, counsel will promptly advise the Court and address appropriate next steps.

The Court scheduled a telephonic case management conference for October 14, 2026, at 10:00 a.m. (Dkt. 23) which falls within the requested stay or extension period. Plaintiff respectfully submits that this conference need not be adjourned, and instead proposes to use it as the occasion for the status update referenced above, at which time counsel will report to the Court on the status of Plaintiff's participation and responsiveness.

We thank the Court for its attention to this urgent matter.

Respectfully submitted,

GODDARD LAW PLLC
*Attorneys for Plaintiff*

By: */s/ Megan Goddard*
Megan S. Goddard, Esq.

Consistent with the Court's Individual Rule 2(E), Defendants' response to this letter is due on September 22, 2026. The Court will briefly adjourn the September 19, 2026 discovery deadline to September 24, 2026, by which time the Court will resolve the request for a further extension.

SO ORDERED.

Date: September 18, 2026
New York, New York

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge