UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND JOHNS,

Plaintiff,

-v-

BLOOMBERG L.P. *et al.*,

Defendants.

25 Civ. 5511 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

This order resolves a discovery dispute. Plaintiff Raymond Johns, through counsel, requests a further stay of client-dependent discovery deadlines. Dkt. 28. For the reasons that follow, the Court denies that request.

On May 18, 2026, the Court stayed discovery in this action for three months based on plaintiff's representation that ongoing mental-health problems rendered their participation in the litigation a significant hardship. Dkt. 23. The deadline for fact discovery was accordingly adjourned to September 19, 2026. *Id.*

On August 24, 2026, defendants moved to compel plaintiff to appear for a deposition in New York, to execute outstanding HIPAA authorizations, and to produce requested records by the September 19, 2026 fact-discovery deadline. Dkt. 24. Plaintiff opposed and sought a further, two-month extension of the stay, citing ongoing mental health and financial difficulties that allegedly impeded them from meaningfully participating in the litigation. Dkt. 26.

On August 31, 2026, the Court declined to extend the discovery deadline as to production of the HIPAA authorizations and related medical-provider information. Dkt. 27. at 2. The Court extended the deadline for production of various documents currently in plaintiff's custody by

two weeks, to October 5, 2026. *Id.* at 2–3. The Court extended the deadline for plaintiff's deposition by two months, such that plaintiff must sit for a deposition in New York by November 19, 2026. *Id.* at 3.

In that Order, the Court balanced solicitude for the burdens that aspects of the litigation may present for plaintiff's mental health issues and the risk that a continued lack of forward progress may present for defendants, particularly insofar as this litigation arises from actions that occurred up to five years ago. *Id.* at 1–2 (citing *Guiffre v. Maxwell*, No. 15 Civ. 7433, 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016); *Choudhury v. NYC Health & Hosps. Corp.*, No. 25 Civ. 5240 (PAE), 2025 WL 2977837, at *1 (S.D.N.Y. Oct. 22, 2025); *Al Thani v. Hanke*, No. 20 Civ. 4765, 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021)). Accordingly, the Court noted that the parties should not expect further extension requests to be granted and advised that, "[i]n the event of a future application to extend a deadline, the Court will expect counsel to justify the proposed extension with specificity and appropriate documentation." *Id.* at 3. In particular, the Order required, "[t]o enable a neutral assessment of any future claims along these lines, plaintiff must produce the medical and related documentation, fairly sought by the defense, bearing on plaintiff's condition and its capacity to improve." *Id.*

On September 17, 2026, plaintiff's counsel requested a further stay of client-dependent discovery obligations. Dkt. 28. As its basis, the request recited "the same underlying barrier that warranted the prior stay," which "remains unresolved: Plaintiff's mental-health and functional circumstances continue to prevent meaningful participation in discovery." *Id.* at 2. Counsel represented that, since the Court's Order of August 31, 2026, counsel "continued attempting to reach Plaintiff to obtain the information, authorizations, approvals, and documents necessary to comply," but that plaintiff "is not presently communicating with counsel." *Id.* Attached to

counsel's supporting declaration, counsel moved to file five exhibits under seal. Dkt. 30. Such include four medical records dated August 2023 through October 2024, and one collection of records of prior communications with plaintiff and counsel's attempts to reach plaintiff regarding the ongoing discovery developments. *Id.* Exhs. A–E.

Plaintiff's September 17, 2026 submission and accompanying documentation does not comply with the Court's instruction that plaintiff "produce the medical and related documentation, fairly sought by the defense, bearing on plaintiff's condition and its capacity to improve" alongside an extension request. Dkt. 27 at 3. The medical documentation predates any discovery dispute in this litigation. To be sure, the client communications provided to the Court substantiate counsel's representation that the stalled discovery results from plaintiff's nonresponsiveness. Unfortunately, this nonresponsiveness is what disables counsel from documenting its representations about plaintiff's present condition. The submissions accordingly fail to provide any basis on which to infer the likelihood that plaintiff's mental health may improve, and the timeline for such. In sum, the submissions do not allow the defense a basis "to test the bona fides of plaintiff's claims that their condition inhibits their ability to effectively participate in the litigation," as defendants are entitled to do. *Id.* at 2.

The record demonstrates that plaintiff's inability to participate in the case results at least in part from ongoing, significant mental-health difficulties, for which the Court has solicitude. The Court assessed as weighty this potential burden in partly granting plaintiff's prior extension requests. Alongside that partial extension, the Court—weighing the equities, including the burden on plaintiff—required that further extension requests be supported by specific documentation. The documentation that plaintiff's counsel has provided fails to satisfy that

directive. It does not supply a basis to depart from the Court's admonition that future requests for extension were unlikely to be granted.

For the foregoing reasons, and for the reasons elaborated in the Court's Order of August 31, 2026, the Court declines to further extend the discovery deadlines in this case. Plaintiff's letter motion to stay discovery, Dkt. 29, is denied. The Court grants plaintiff's request to seal the medical records and client communications filed at Dkt. 30. The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 28–29.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: September 23, 2026
New York, New York