UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND JOHNS,<br><br>Plaintiff,<br><br>-v-<br><br>BLOOMBERG L.P. *et al.*,<br><br>Defendants. | 25 Civ. 5511 (PAE)<br><br><u>ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

On October 14, 2026, on all parties' agreement at a hearing before this Court, the Court issued an order directing that this case would be dismissed without prejudice on November 5, 2026, barring plaintiff's full compliance with document discovery deadlines by that date. Dkt. 38. That order followed: (1) an initial, three-month stay of discovery at plaintiff's request and on defendants' consent, Dkt. 23; (2) the further extension of certain of plaintiff's discovery deadlines, over defendants' objection, Dkt. 27; and (3) the denial of plaintiff's request to further extend discovery deadlines, Dkt. 33. In partly granting plaintiff's second extension request, the Court admonished that the parties should not expect further extensions and that future applications should be accompanied by specific, supporting documentation. *See* Dkt. 27 at 3.

On November 5, 2026, the deadline for compliance to avoid dismissal, plaintiff's counsel filed the instant letter motion seeking an extension of the compliance deadline and a deferral of dismissal. Dkt. 41. Counsel represented that plaintiff was unable to comply with all document discovery obligations by the deadline. However, plaintiff had been in limited contact with counsel and had achieved limited success in obtaining medical documentation supporting the request, an improvement in circumstances relative to those attending prior requests. *See id.* at 2.

The Court's October 14 Order did not identify any condition under which the Court would entertain requests for the further extension of the time to comply with discovery obligations. *See* Dkt. 38. Instead, it expressly made the maintenance of this action contingent on plaintiff's full compliance with document discovery obligations by November 5, 2026. *Id.* The terms of the Order were agreed upon by counsel for all parties, on the record at a conference before the Court. Plaintiff was on notice of them. *See* Dkts. 40, 42. They were and remain justified by plaintiff's persistent noncompliance with repeatedly extended discovery deadlines; plaintiff's ongoing non-responsiveness or limited responsiveness with counsel; the harm to defendants flowing from persistent delay in this action; and the lack of clarity surrounding when, if ever, plaintiff may be able to comply with discovery obligations and to participate in the litigation. *See* Dkts. 27, 33 (elaborating these bases in ruling on prior extension requests). Plaintiff's request to extend the compliance deadline and supporting documentation do not identify facts that suggest material forward progress as to compliance with discovery obligations; instead, it principally seeks further delay and the opportunity to marshal documentation in support of a renewed motion to stay discovery. *See* Dkt. 41 at 2–3.

While the Court appreciates plaintiff's efforts to track down documentation supporting this request, and plaintiff's counsel's diligence in advancing those efforts and throughout the discovery process, the October 14 Order was explicit that plaintiff's failure to comply with overdue discovery obligations by November 5, 2026 would result in the dismissal of this action. Plaintiff having failed to comply with those obligations, the case is dismissed without prejudice. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (affirming dismissal for noncompliance with discovery deadlines for a period of six months, where plaintiff

understood timely compliance was expected and was warned of the possibility of sanctions up to and including dismissal).

The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: November 6, 2026
New York, New York